UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-02198-JLS-JC | Date: August 26, 2025 |
| Title: Qian Sun v. Ernesto Santacruz Jr et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS)  **ORDER (1) GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 3); (2) ORDERING RESPONDENT-DEFENDANTS TO SHOW CAUSE RE PRELIMINARY INJUNCTION; AND (3) GRANTING MOTION FOR LEAVE TO FILE A REPLY (Doc. 11)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction filed by Petitioner-Plaintiff Qian Sun. (App., Doc. 2; Amended App., Doc. 6.)  Respondent-Defendants Pam Bondi, Todd M. Lyons, Kristi Noem, Ernesto Santacruz Jr, and U.S. Department of Homeland Security opposed. (Opp., Doc. 10.)  Sun also filed a Motion for Leave to File a Reply and attached the proposed Reply.[1] (Mot., Doc. 11; Reply, Doc. 12.)  The Court GRANTS Sun's Motion for Leave to File a Reply and considers it in evaluating Sun's Application.  For the following reasons, the Court GRANTS Sun's Application for Temporary Restraining Order and ORDERS Defendant-Respondents to show cause why a preliminary injunction should not issue.

---

[1] Plaintiff titled the document a "sur-reply," but as it responds to the government's opposition, it is merely a reply.

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02198-JLS-JC                                                         Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

## I.   BACKGROUND

Sun was born in China and has lived in the United States since 1994, when she immigrated as a lawful permanent resident at age nine.  (Amended Petition for Writ of Habeas Corpus ("Amended Petition") ¶¶ 2, 29, Doc. 5.)  In 2011, after enduring domestic abuse and having been separated from her then-infant U.S. citizen son, Sun was arrested and convicted for importation of a controlled substance.  (*Id.* ¶¶ 30–32.)  She pleaded guilty and was sentenced to 78 months in prison.  (*Id.* ¶ 32.)  Because of the conviction, Sun lost her lawful permanent resident status.  (*Id.* ¶ 33.)

Sun finished her criminal sentence on January 23, 2017; Immigration and Customs Enforcement ("ICE") then took her into physical custody for the purpose of removing her to China.  (*Id.* ¶ 33.)  On February 13, 2017, an Immigration Judge ("IJ") ordered Sun removed to China and simultaneously granted Sun deferral of removal under the Convention Against Torture ("CAT") upon finding that she was likely to be tortured if removed to China.  (*Id.* ¶ 4; *see also* Ex. C to Sinodis Decl., Order of Removal, Doc. 1-1 at 12.)  The Board of Immigration Appeals ("BIA") affirmed the IJ's order on appeal.  (Amended Pet. ¶ 4.)  Both the IJ's order of removal and deferral of that order remain in effect, and ICE has not secured a travel document to remove Sun to a third country.  (*Id.* ¶ 34.)

ICE held Sun in immigration detention throughout the pendency of her immigration proceedings.  (*Id.* ¶¶ 3–5.)  Sun spent an additional four months in detention following the IJ's issuance of the order of removal and deferral.  (*Id.*)  On June 13, 2017, ICE released Sun from physical immigration detention pursuant to a Form I-220B Order of Supervision.  (*Id.* ¶ 5.)  Since her release, Sun has resided in California, obtained a college degree, gained employment as an IT analyst, and built a life with her U.S. citizen partner.  (*Id.* ¶¶ 7, 29.)  She is a devout Christian who is involved with her religious community and takes care of her aging lawful permanent resident father.  (*Id.* ¶¶ 29, 61.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                    Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

Sun is under an Order of Supervision and has remained in compliance with all conditions of her release.  (*Id.* ¶ 6; *see also* Ex. G to Sinodis Decl., Order of Supervision, Doc. 1-1 at 26.)  These conditions include appearing for all in-person appointments with ICE, not traveling outside of California for more than 48 hours without prior approval from ICE, assisting ICE with obtaining any necessary travel documents, and updating her address and employment status with ICE 48 hours prior to any change.  (Amended Petition ¶ 34; *see also* Order of Supervision.)  Most recently, on September 25, 2024, Sun attended a check-in appointment with ICE.  (Amended Petition ¶ 36.)  At this check-in, ICE scheduled Sun's next appointment for August 27, 2025.  (*Id.*)

On August 20, 2025, Sun's counsel contacted the U.S. Attorney's Office for the Central District of California to request assurances from ICE that it would not re-arrest and re-incarcerate Sun at her August 27, 2025 appointment.  (*Id.* ¶ 41.)  Sun's counsel also informed the U.S. Attorney's Office regarding the instant application.  (Amended App. at 2.)  ICE has declined to provide any assurance that it will not detain Sun at her August 27, 2025 appointment or seek to remove Sun to a third country.  (*Id.* ¶¶ 4, 41.)  Sun's Amended Petition also cites to evidence—including recent news articles, the experience of Plaintiff's counsel while representing other noncitizens, and case law—indicating that Sun faces a strong likelihood of being detained at her upcoming check-in appointment.  (*Id.* ¶¶ 4–6, 37–40; *see also* Sinodis Decl. ¶¶ 8–9, Doc. 1-1.)  The Court's own review of recent cases, wherein individuals in the same or similar circumstances as Sun have been detained at immigration check-in appointments absent notice and a hearing, further substantiates Sun's claim that there is a tangible risk that ICE will re-arrest and re-incarcerate her at the August 27, 2025 appointment.  *See, e.g.*, *Aviles-Mena v. Kaiser*, 2025 WL 2322788, at *1 (N.D. Cal. Aug. 12, 2025); *Arzate v. Andrews*, 2025 WL 2230521, at *1 (E.D. Cal. Aug. 4, 2025); *Maklad v. Murray*, 2025 WL 2299376, at *1 (E.D. Cal. Aug. 8, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                    Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

On August 21, 2025, Sun filed a petition for writ of habeas corpus and the instant *Ex Parte* Application. (Petition, Doc. 1; App.)  Sun filed an amended petition and *Ex Parte* Application on August 22, 2025, correcting inadvertent clerical errors.  (Amended Petition; Amended App.; *see also* Not. of Errata at 2, Doc. 4.)  Sun's Application requests a prohibitory "temporary restraining order … subsequently convert[ed] [into] a preliminary injunction[] enjoining Respondents from re-incarcerating her unless and until she is afforded a hearing before a neutral decisionmaker on the question of whether her re-incarceration would be lawful."  (Amended App. at 3.)

## II.     LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest."  *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                        Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III. <u>ANALYSIS</u>

The Court first addresses its jurisdiction before determining whether Sun has made the requisite showing for a TRO.

**A. Jurisdiction**

**i. Sun's Custodial Arrangement**

Defendant-Respondents first argue that the Court lacks jurisdiction over Sun's petition because (1) Sun's claim "is not a cognizable habeas claim, as it seeks to enjoin her arrest and/or require a pre-detention hearing, not a release from custody"; and (2), even if she is in custody, she does not seek release from "*that* custodial arrangement[.]" (Opp. at 3, 5 (emphasis in original).)  The Court rejects these arguments and determines that it has jurisdiction over Sun's claim.

A court may grant habeas corpus relief to any individual "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C.A. § 2241(c)(3).  The Supreme Court has "very liberally construed the 'in custody' requirement[.]" *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  "A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'"  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                     Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

Here, Sun is subject to several "restraints not shared by the public generally[,]" and is thus in custody within the meaning of Section 2241. *See id.*  Upon her release from physical immigration detention, Sun was ordered "placed under supervision and permitted to be at large under [several] conditions[.]"  (Order of Supervision.)  These conditions include requirements that Sun regularly report to in-person check-ins with ICE, inform ICE before travelling outside of California for more than 48 hours, and provide ICE written information of any change in address or employment 48 hours prior to any such change.  (*Id.*)  A violation of these, or any other condition of her release, can result in Sun being taken into physical custody and being criminally prosecuted.  (*Id.* at 28.)  Such conditions "significantly confine and restrain [Sun's] freedom[,]" and she is thus in custody for the purpose of federal habeas corpus jurisdiction.  *See Jones*, 371 U.S. at 243.

Though Sun is presently in immigration custody, she need not seek immediate release of that custody for habeas corpus relief to be available.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *see also Rose v. Morris*, 619 F.2d 42, 43 (9th Cir. 1980).  Rather, given her present custodial arrangement, she may also bring a habeas challenge to "attack [her] future confinement" by ICE.  *Preiser v*, 411 U.S. at 487.  Sun properly does so here by challenging her future unlawful re-detention for the purposes of removal, in part on the grounds that ICE has refused to provide any assurances that it will not re-detain her at her August 27, 2025 check-in appointment.  (*See generally* Amended Petition; Amended App.)  The "writ is available" under these circumstances.  *See Preiser*, 411 U.S. at 487.  This conclusion accords with those of several other district courts within the Ninth Circuit, which have implicitly or explicitly found jurisdiction over habeas corpus petitions and related motions seeking to enjoin the government from re-detaining petitioners at in-person check-in appointments with immigration authorities.  *See, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854 (N.D. Cal. June 14, 2025); *Garcia v. Bondi*, 2025 WL 1676855 (N.D. Cal. June 14, 2025); *Ortega v. Kaiser*, ("*Ortega I*") 2025 WL 1771438 (N.D. Cal. June 26, 2025); *Ortega v. Kaiser* ("*Ortega II*"), 2025 WL 2243616,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02198-JLS-JC | Date: August 26, 2025 |
| Title:  Qian Sun v. Ernesto Santacruz Jr et al | |

at *3 (N.D. Cal. Aug. 6, 2025); *Zakzouk v. Becerra*, 2025 WL 2097470, at *2 (N.D. Cal. July 26, 2025).

      **ii. Jurisdiction-Stripping Statutes**

      Defendant-Respondents next argue that the Court's jurisdiction over this action is precluded by Sections 1252(g), 1252(a)(5), and 1252(b)(9) of the Immigration and Nationality Act ("INA").  (Opp. at 5–6.)

      ***Section 1252(g).***  Pursuant to Section 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) is "narrow[]" and "applies only to three discrete actions that the Attorney General may take: [the] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)) (emphasis in original).  Section 1252(g) does not preclude judicial review of "many other decisions or actions that may be part of the deportation process[.]"  *Id.*

      Nonetheless, Defendant-Respondents argue that Section 1252(g) precludes judicial review of Sun's claims because they "arise from her speculative concerns about the execution of her removal order[.]"  (Opp. at 5.)  But as the district court in *Ortega II* recently explained when addressing the same argument on similar facts, claims arising from the concern that execution of a removal order would be unconstitutional are "not the same as [claims] challenging 'the decision or action … to … execute [a] removal order [itself].'"  2025 WL 2243616, at *3 (quoting 8 U.S.C. § 1252(g)).  That is, Sun "does not challenge the execution of [her] final removal order[,]" which provides only for removal and deferral of removal to China.  *Id.*  (*See also* Order of Removal.)  Rather, Sun's petition and instant Application challenge her re-detention absent any hearing and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02198-JLS-JC | Date: August 26, 2025 |
| Title:  Qian Sun v. Ernesto Santacruz Jr et al | |

subsequent removal to a third country, and claim that such acts would violate, among other things, the Fifth Amendment's Due Process Clause.  (*See* Amended Petition ¶¶ 122, 129–137; *see also id.* Prayer for Relief ¶ 4.)  No removal order exists as to such actions.  Thus, Section 1252(g) does not strip the Court of jurisdiction to review and consider Sun's claims.  *See Ortega II*, 2025 WL 2243616, at *3 (citing *Reno*, 525 U.S. at 486); *see also Garcia v. Andrews*, 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (finding Section 1252(g) "inapplicable" where "the basis of [the] claim [was] not a challenge to a removal but rather, that [] redetention [was] unconstitutional.").

*Sections 1252(a)(5) and 1252(b)(9).*  Neither of the other jurisdiction-stripping provisions asserted by the government bars the Court from considering Sun's claims.  Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Pursuant to Section 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under [the] subchapter shall be available only in judicial review of a final order under [the] section. … [N]o court shall have jurisdiction, by habeas corpus … to review such an order or such questions of law or fact."  8 U.S.C. § 1252(b)(9).  Though Section 1252(b)(9) is broad, "claims that are independent of or collateral to the removal process do not fall within [its] scope[.]" *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (citations omitted).  The same is true for requests that challenge neither "the decision to detain [a petitioner] in the first place or to seek removal" nor "any part of the process by which [a petitioner's] removability will be determined."  *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).  Thus, "as a general rule, noncitizens 'may continue to bring collateral legal challenges to the Attorney General's detention authority … through a petition for habeas corpus."  *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1005 (W.D. Wash. 2019) (quoting *V. Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)) (further citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                     Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

Because Sun's petition and instant application are independent of her removal order, this Court has jurisdiction to consider her claims.  Again, *Ortega II* and the authority it relies upon are instructive.  In that case, as here, a noncitizen with a final removal order to one country challenged "his removal to a third country *without* a removal order there, [and] his indefinite detention while the Government [sought] a third-country removal order."  2025 WL 2243616, at *4 (emphasis in original) (discussing *Aden*, 409 F. Supp. 3d at 1006).  Because this challenge was not directed at "the validity of [petitioner-plaintiff's] final removal order[,]" the jurisdiction-stripping provisions of Sections 1252(a)(5) and 1252(b)(9) did not apply to bar district court review.  *Id.*  The same is true here.  Sun's challenge to re-detention absent additional process and indefinite detention pending the designation of a third country for removal is not directed to her final order of removal, and thus neither Section 1252(a)(5) nor Section 1252(b)(9) prevent the Court from considering her claims.  *See id.*; *see also Rodriguez*, 583 U.S. at 294.

    B.  **Merits**

        i.  **Likelihood of Success**

Sun's petition asserts six claims for relief.  However, a showing of a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought." *Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (citing *Dowl v. Williams*, 2018 WL 2392498, at *1 (D. Alaska May 25, 2018) and *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 n.3 (9th Cir. 2014)).  Because the Court concludes that Sun has established at least the presence of "serious questions going to the merits" on her claim that the Due Process Clause of the Fifth Amendment requires a hearing before a neutral adjudicator prior to her re-arrest and re-incarceration,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02198-JLS-JC  Date: August 26, 2025
Title: Qian Sun v. Ernesto Santacruz Jr et al

and because Sun shows that "the balance of hardships tips sharply" in her favor, a TRO may issue. *Alliance for the Wild Rockies*, 632 F.3d at 1135.

Under the Due Process Clause, "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. art. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]" *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). It is "well established that aliens facing deportation from this country are entitled to due process rights." *Walters v. Reno*, 145 F.3d 1032, 1037 (9th Cir. 1998). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Under the *Mathews v. Eldridge* framework, courts analyzing a procedural due process claim consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976). All three factors support a requirement that the government provide Sun a pre-deprivation hearing prior to any re-detention.

Sun's private interest in remaining out of immigration custody is substantial. *See Nak Kim Chhoeun v. Marin*, 442 F. Supp. 3d 1233, 1245 (C.D. Cal. 2020) (holding that noncitizens released from immigration custody on general orders of supervision have a liberty interest in their freedom); *Ortega II*, 2025 WL 2243616, at *5 (similar); *Pinchi v. Noem*, 2025 WL 2084921, at *3 (N.D. Cal. July 24, 2025) (collecting cases). The nature of this liberty interest is similar—if not "arguably greater" given its civil context—than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                                 Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

that recognized as within Constitutional protection by the Supreme Court in *Morrisey v. Brewer*, 408 U.S. 471 (1972).  *Ortega*, 415 F. Supp. 3d at 970 (citing *Morrisey*, 408 U.S. at 482).  As with the criminal parolees in *Morrisey*, Sun's release "enables [her] to do a wide range of things open to persons" who have never been in custody or convicted of a crime, such as "be gainfully employed and [] free to be with family and friends and to form the other enduring attachments of normal life."  408 U.S. at 482.  Sun has lived in the United States since 1994.  (Amended Petition ¶¶ 2, 24.)  Since her release from detention in 2017, she has obtained a college degree, started working, cared for her family, and built community with her church and those around her.  (*Id.* ¶¶ 7, 29, 61.)  Sun has a profound liberty interest.

      The risk of erroneous deprivation of this interest is high, as ICE takes the position that it may revoke a release determination at any time without either a hearing before or additional oversight from a neutral adjudicator.  (*See* Opp. at 7–8); *see also* 8 C.F.R. 241.4(I); *Guillermo M. R. v. Kaiser*, 2025 WL 1983677, at *7 (N.D. Cal. July 17, 2025).  "[T]he additional procedural safeguard of a pre-detention hearing would help protect against" this risk.  *Garcia*, 2025 WL 1676855, at *3; *see also Ortega II*, 2025 WL 2243616, at *5 (collecting cases holding the same under similar facts).  While Defendant-Respondents argue that "there are procedural safeguards already in place" that would permit Sun to "seek whatever relief she believe[s] [is] appropriate" following any re-detention, (Opp. at 8), this argument ignores the fact that post-detention safeguards are definitionally inappropriate to address the harm complained of here.  Put simply, only additional pre-detention process can protect against an erroneous deprivation of Sun's liberty interest.  Moreover, the post-detention procedural safeguards cited by the government do "essentially no more than [] request to ICE's arresting agents or their supervisors at headquarters to reconsider the agency's unilateral detention decision" without any requirement that a neutral party review that decision.  *Guillermo M. R.*, 2025 WL 1983677, at *7; *see also* 8 C.F.R. § 241.13.  Such procedures cannot ameliorate the risk of erroneous deprivation of Sun's liberty interest.  *See Zinermon*, 494 U.S. at 127 ("[T]he Court usually has held that the Constitution requires some kind of a hearing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                       Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

before the State deprives a person of liberty or property."); *see also Haygood v. Younger*, 769 F.2d 1350, 1355–56 (9th Cir. 1985) ("The more important the interest and the greater the effect of its impairment, the greater the procedural safeguards the state must provide to satisfy due process.").

Finally, Defendant-Respondents' interest in re-incarcerating Sun is low, as is any burden of providing the requested additional procedural safeguard of a pre-detention hearing before a neutral adjudicator.  "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community."  *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025) (citing *Zadvydas*, 533 U.S. at 690) (further citation omitted).  Neither risk is present here.  ICE first released Sun from detention upon finding, at least implicitly, that she was neither a flight risk nor a danger to the community.  *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").  For more than eight years, Sun has remained in full compliance with the conditions of her release.  (Amended Petition ¶ 35.)  And the government points to no new facts that would undermine its prior determination that Sun presents no risk of danger to the community.  In light of these circumstances, and considering Sun's deep connections to her family, church, and others, the Court finds no indication that Sun presents a risk of flight or to the community.  *See also Singh*, 2025 WL 1918679, at *7 (reaching a similar conclusion where petitioner "attended every check-in and court hearing since he arrived in the United States"); *Diaz*, 2025 WL 1676854, at *3 (similar).

Furthermore, any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]"  *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025).  "In immigration court, custody hearings are routine[.]"  *Singh*, 2025 WL 1918679, at *8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                           Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

On balance, the *Mathews* framework weighs strongly in favor of Sun.  Her private liberty interest is substantial, as is the risk of erroneous deprivation, and the government's interest—including any burden additional procedures might impose—is minimal.[2]  Sun thus, at the very least, raises "serious questions going to the merits" of her procedural due process claim, and the first *Winter* factor is satisfied.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  *See also Singh*, 2025 WL 1918679, at *8 (concluding similarly and collecting cases).

### ii.  Irreparable Harm

Absent injunctive relief, Sun will suffer irreparable injury.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Hernandez*, 872 F.3d at 994 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  Sun alleges deprivation of such a right.  (Amended Petition ¶¶ 75–78, 107–16, 129–37.)  Furthermore, Sun is likely to suffer the kind of "harms imposed on anyone subject to immigration detention[,]" which the Ninth Circuit has recognized constitute irreparable harm.  *Diaz*, 2025 WL 1676854, at *3 (quoting *Hernandez*, 872 F.3d at 995).  These irreparable harms include "'the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained.'"  *Id.*  Sun's re-detention would prevent her from helping to support her family financially and emotionally.  Re-detention would also separate her from her U.S. citizen partner and her elderly lawful permanent resident father for whom she is a critical source of support.  For these reasons, re-detention would impose a significant hardship on Sun and her family.

Defendant-Respondents' contention that Sun fails to demonstrate irreparable injury because she cannot show an "immediate threatened injury" and, in any case, her

---

[2] The government mischaracterizes Sun's request as one for a "mandatory" instead of a prohibitive injunction.  (*See* Opp. at 8–9.)  The Court's Order does not require the government to provide a hearing.  It merely prohibits Sun's detention without one.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                    Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

"speculative" injury is common to "any habeas corpus petitioner in immigration custody" does not change this analysis. (*See* Opp. at 9.)  Sun's check-in appointment is set for August 27, 2025.  (Amended Petition ¶ 41.)  ICE has refused to provide any assurances that it will not re-arrest and re-detain Sun at this appointment absent any injunction.  (*Id.* ¶¶ 9, 41.)  "'It follows inexorably from our conclusion' that … re-detention without a pre-detention hearing before a neutral decisionmaker is 'likely unconstitutional,' that [Sun] has 'carried [her] burden as to irreparable harm.'"  *Pinchi*, 2025 WL 2084921, at *6 (quoting *Hernandez*, 872 F.3d at 995).  In other words, Sun's imminent check-in appointment, and ICE's failure to provide any assurance that it will not re-detain her at that appointment, clearly establish a risk of irreparable harm entitling Sun to injunctive relief.  *See id.* (concluding the same where the government gave no assurance that petitioner would "not face immediate re-detention").  Furthermore, that Sun's irreparable injury is one any individual subject to immigration detention might face does not negate the extraordinary nature of her likely constitutional injury.  *See Diaz*, 2025 WL 1676854, at *3; *see also Hernandez*, 872 F.3d at 995 (finding likelihood of irreparable harm where it was argued that such harm would be "imposed on anyone subject to immigration detention[.]").

### iii.  Balance of Equities and the Public Interest

As mentioned above, the final two *Winter* factors merge when the opposing party is the government.  *See Nken*, 556 U.S. at 435.  "A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor."  *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).  This is because "it is always in the public interest to prevent the violation of a party's constitutional rights" and "[t]he government [] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations."  *Id.* (quotation and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                              Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

Here, Sun has satisfied the first *Winter* factor, and thus the balance of equities and public interest tip "decisively" in her favor.  *See Baird*, 81 F.4th at 1042.  Sun faces the potential violation of her constitutional right to procedural due process and the significant hardship of being detained in separation from her life, loved ones, and broader community.  Comparatively, any potential harm to Defendant-Respondents is minimal—indeed, they identify no potential harm in their opposition to Sun's Application and instead point to the public interest in enforcement of U.S. immigration law.  (*See* Opp. at 10.)  While the public has an interest in the efficient execution of this country's immigration laws, it also has a "strong interest in upholding procedural protections against unlawful detention ... and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering."  *Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up) (citing *Vargas v. Jennings*, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) and *Hernandez*, 872 F.3d at 996).  Considering these interests, alongside Sun's low flight risk and strong ties to her community, the Court determines that the balance of hardships tip sharply in favor of granting a TRO.  *See Pinchi*, 2025 WL 2084921, at *7 (reaching similar conclusion); *Singh*, 2025 WL 1918679, at *9 (similar); *Diaz*, 2025 WL 1676854, at *3 (similar).

### iv.  Conclusion as to Merits

Sun has sufficiently shown that there are serious questions going to the merits of her procedural due process claim, that the balance of hardships tip "sharply" in her favor, and that the other two *Winter* factors are satisfied.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.

### C.  Security

Pursuant to Rule 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02198-JLS-JC                                                            Date: August 26, 2025
Title:  Qian Sun v. Ernesto Santacruz Jr et al

wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  A district court has "discretion as to the amount of security required, *if any*."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (emphasis in original, further citation omitted).  A court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id*.  Defendant-Respondents make no argument that a security should be required or that they are likely to suffer harm if their conduct is enjoined.  In any case, there is minimal-to-no risk of harm to the government when it is enjoined from constitutional violations.  *See Baird*, 81 F.4th at 1042.  For these reasons, the Court concludes that no security is required

## IV.  CONCLUSION

For the above reasons, the Court GRANTS Sun's Application for Temporary Restraining Order.  Defendant-Respondents are ENJOINED AND RESTRAINED from arresting, detaining, or removing Sun without notice and without a hearing.  This Order shall remain in effect through **September 9, 2025**, unless the Court extends this period, before that date, and for good cause.  Fed. R. Civ. P. 65(b)(2).  If Defendant-Respondents wish to further brief the matter, they may file a further response no later than **September 2, 2025**.  Petitioner-Plaintiff may reply no later than **September 5, 2025**.  The Court shall hold a hearing on **September 8, 2025 at 2:00 p.m.** as to why a preliminary injunction should not issue.[3]

Initials of Deputy Clerk: kd

---

[3] The parties may seek to extend these deadlines by stipulation.